UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-23996-Civ-GAYLES/TORRES

DOMINIC HOWARD, and
KAREN HAAS,

    Plaintiffs,

v.

AIA HOLDINGS, INC., a Florida foreign
Corporation, et al.,

    Defendants.
_____/

***ORDER ON PLAINTIFFS' MOTIONS
FOR RECONSIDERATION***

    This matter is before the Court on Plaintiffs Dominic Howard's ("Howard") and Karen Haas' ("Haas") Motions for Reconsideration [D.E. 124, 125] of the Undersigned's prior Orders dismissing without prejudice, and with leave to amend, the Corrected Amended Complaint ("CAC") [D.E. 122, 123]. According to Plaintiffs, some of the factual assertions articulated in the Orders are clear error and need correction. After careful review of the motions, responses, replies, the relevant authorities, and for the reasons discussed below, Plaintiffs' Motions for Reconsideration are **DENIED**.

1

## *I.    ANALYSIS*

First, contrary to Plaintiffs' assertions, the Court treated as true all of Plaintiffs' **non-conclusory** factual allegations.[1] Moreover, neither of the Orders made any findings of facts beyond the four corners of the complaint. All factual statements articulated in the background sections of the Orders, and elsewhere, were derived from the Undersigned's reliance on the facts asserted in the CAC and the materials attached therein.    [D.E. 35 and *Exhibits A* through *V*]; *see Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020) ("Exhibits attached to the complaint are treated as part of the complaint for Rule 12(b)(6) purposes.") (citation omitted).

To the extent that Plaintiffs point to factual statements in the Orders that differ in terminology from the factual allegations encountered in CAC, we do not find these differences to amount to clear error. First, as Plaintiffs acknowledge in their motion, some of the factual differences stemmed, in part, from a lack of clarity in the CAC. [D.E. 124 at 4 n.3] ("Plaintiffs will clarify upon amendment"). Second, and more importantly, none of the alleged improper statements had any impact on the Orders' legal conclusions. Other than conclusorily asserting that the alleged misstatements go to the heart of this case, Plaintiffs' Motions do nothing to establish such materiality. In other words, and to illustrate, whether Defendant Yousef is described as an "unauthorized bail fugitive recovery person" as opposed to "an illegal

---

[1] *See* [D.E. 122 at 6] (observing that under the applicable standard the Court must accept all well-pled facts as true); [D.E. 123 at 5] (same).

recovery agent," or whether it is said that multiple "lawyers" as opposed to "one single lawyer" participated in the alleged RICO enterprise is completely immaterial to the Orders' legal conclusions that the factual statements as they are found in the CAC did not plausibly state a claim.

Finally, any concerns that Plaintiffs may have with regards to the prejudicial effect of the Orders should be completely mooted by the fact that both Orders were issued ***without prejudice*** and ***with leave to amend***.  [D.E. 122 at 17] (expressly stating that "no dispositive ruling is intended" through the Order and noting that its holding is "without prejudice."); [D.E. 123 at 1] (same).  Therefore, Plaintiffs will have an opportunity to file a new amended complaint in which they will be able to set forth, if possible, factual allegations they wish to plead in this action to make their case that a plausible claim can survive Rule 12 review.

## *II.     CONCLUSION*

For the foregoing reasons, Plaintiffs' motions for reconsideration of this Court's prior orders [D.E. 124, 125] are **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of November, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge